UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN MITCHELL, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 3:17-cv-349 (MPS) |
| | : | |
| A. COURNOYER, | : | |
|     Respondent. | : | |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jonathan Mitchell has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction on the ground that he was afforded ineffective assistance of counsel. As discussed below, the petition and attached documents show that the petitioner has not exhausted his state court remedies on all grounds for relief before commencing this action. Accordingly, the petition is dismissed without prejudice to reopening.

I.    <u>Background</u>

The petitioner was found guilty after a jury trial on charges of kidnapping, robbery, conspiracy to commit robbery, burglary, home invasion, carrying a pistol without a permit, attempt to commit possession of a hallucinogen and conspiracy to commit possession of a hallucinogen. On November 15, 2011, he was sentenced to a total effective term of imprisonment of twenty-five years, execution suspended after fifteen years, followed by five years of probation. Pet. at 2. The petitioner did not file a direct appeal.

On August 23, 2012, the petitioner filed a petition for writ of habeas corpus in state court, *Mitchell v. Warden, State Prison*, TSR-CV12-400941-S. *See* ECF No. 1-4 at 1-3 (docket sheet).

He challenged the representation provided by Attorney John Williams. The state court characterized the claim: "[W]hile there is some mention of Mr. Williams' trial performance, the attack upon Mr. Williams … deals almost exclusively with issues surrounding the plea, the guilty plea, or in this case, the lack of a plea." ECF No. 1-1 at 15-16 (state habeas decision). Following an evidentiary hearing, the habeas court denied the petition. *See* ECF No. 1-1 at 15.

On May 29, 2015, the petitioner filed a petition for certification to appeal, which was denied on June 4, 2015. *See* ECF No. 1-4 at 2. On June 19, 2015, the petitioner appealed the denial of his habeas petition to the Connecticut Appellate Court. *See id.* On October 11, 2016, the Connecticut Appellate Court dismissed the appeal. *See id.*; *see also* ECF No. 1-3 at 2 (Appellate Court docket sheet); ECF No. 1-1 at 12 (Appellate Court slip opinion).

The petitioner filed a petition for certification to appeal the dismissal to the Connecticut Supreme Court. The petition contained two questions, whether the habeas court abused its discretion in denying certification to appeal, and whether the habeas court erred in concluding that the petitioner's right to effective assistance of counsel was not violated. *See* Pet. for Cert., ECF No. 1-1 at 1. The petitioner described his claim as: "Trial counsel performed deficiently with respect to his pretrial representation of the petitioner and said deficiency caused the petitioner to reject a pretrial plea offer that the petitioner would have accepted, but for the deficiency of his attorney." *Id.* at 3. The Connecticut Supreme Court denied certification on November 22, 2016. *See* ECF No. 1-2 at 1.

The petitioner commenced this action by undated petition received by the Court on February 27, 2017. He challenges his conviction on two grounds: trial counsel was ineffective during pretrial proceedings because he failed to inform the petitioner of a plea offer and trial

2

counsel was ineffective during trial because he was unprepared for trial.

II.     Standard of Review

Before filing a petition for writ of habeas corpus in federal court, the petitioner must properly exhaust his state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). The petitioner must present the essential factual and legal bases for his federal claims to each appropriate state court, including the highest state court capable of reviewing it, to afford the state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted).

Failure to exhaust state remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*); 28 U.S.C. § 2254(b)(1)(B). A petitioner may not, however, simply wait until appellate remedies are no longer available and then argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 72-74 (2d Cir. 2005).

The court may *sua sponte* dismiss a habeas petition for failure to exhaust state remedies only if it is unmistakably clear that the petitioner has failed to exhaust his state remedies. *Cf. Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000) (permitting *sua sponte* dismissal of habeas petition as untimely only if untimeliness is "unmistakably clear from the facts alleged in the petition"). The petitioner has attached to his petition copies of the petition for certification to the Connecticut Supreme Court in which he challenges trial counsel's representation only with regard to the plea offer. He did not assert a claim for ineffective representation during trial.

3

Thus, it is unmistakably clear that the petitioner has not exhausted his state court remedies on both claims for relief.

When a petitioner files a mixed petition, containing exhausted and unexhausted claims and demonstrates good cause for failing to exhaust all claims before filing the federal petition, the Supreme Court has recommended staying the federal petition to afford petitioner an opportunity to exhaust his unexhausted claims in the state courts and return to federal court for review of all his claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *see also Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that district court stay exhausted claims and dismiss unexhausted claims with directions to timely complete the exhaustion process and return to federal court). The district court must grant "a stay to exhaust claims in a mixed petition if the unexhausted claims are not plainly meritless, if the petitioner has good cause for failing to exhaust, and if the petitioner did not engage in abusive or dilatory litigation tactics." *Woodard v. Chappius*, 631 F. App'x 65, 66 (2d Cir. 2016) (citing *Rhines*, 544 U.S. at 277-78).

III.  Discussion

The petitioner alleges that, although counsel was retained in December 2010 and the trial did not commence until September 2011, on the first day of trial, counsel did not know who the state planned to call as witnesses and was unfamiliar with any of the evidence against the petitioner. Pet. at 11. At this time, the Court cannot conclude that a claim that trial counsel was completely unprepared is meritless.

The petitioner asserted a claim of ineffective assistance of counsel in his state habeas petition. The habeas court noted that there was some testimony regarding representation during the trial, but concluded that the primary claim was a challenge to pretrial representation. As this

4

was the sole focus of the habeas court's decision, that was the only issue referenced on appeal. Ineffective assistance of habeas counsel has been held to constitute good cause for failure to exhaust state remedies. *See Saunders v. Commissioner*, No. , 2016 WL 3812444, at *14 (D. Conn. July 13, 2016) (noting consensus that ineffective assistance of counsel can constitute good cause and finding that claim of ineffective assistance of habeas counsel and proceeding on appeal without assistance of counsel constituted good cause)(citations omitted)).

Further, the Supreme Court held in *Martinez v. Ryan*, 566 U.S. 1,17 (2012), that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." In light of these decisions, the Court cannot conclude that the petitioner lacks good cause for his failure to exhaust. Nor does the petition demonstrate that the petitioner engaged in abusive or dilatory litigation tactics.

Further, outright dismissal of the petition will preclude the petitioner from obtaining federal review of his claims. There is a one-year limitations period for filing a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The limitations period commences on the day the conviction becomes final and is tolled for any time that a collateral challenge to the conviction is pending in state court. *See* 28 U.S.C. § 2244(d)(1) & (2). The filing of a federal habeas petition, however, does not toll the limitations period. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

The petitioner's conviction became final on December 5, 2011, at the conclusion of the time within which he could have filed a direct appeal of his sentence. The limitations period commenced the following day and was tolled 262 days later, on August 23, 2012, when

petitioner filed his state habeas petition. The limitations period recommenced on November 23, 2016, the day after the day on which the Connecticut Supreme Court denied the petition for certification to appeal, and concluded on March 5, 2017, six days after the petitioner filed this action. Thus, outright dismissal is not warranted.

Rather than staying this case, the Court will dismiss without prejudice to reopening the case after completion of the exhaustion process. This approach provides the same protection as the issuance of a stay pending exhaustion. Permitting the petitioner to reopen this case after he exhausts his state court remedies on the second claim for relief will ensure that the new petition will not be barred by the statute of limitations.

IV. Conclusion

The petition for writ of habeas corpus is DISMISSED without prejudice. The petitioner may file a motion to reopen the case after he has fully exhausted his available state court remedies as to all grounds in the petition.

Within thirty (30) days after the petitioner has completed the exhaustion process as to all grounds in the petition, he shall file a motion to reopen this case reporting that all grounds have been fully exhausted and that he wishes to reopen this case. The motion must be accompanied by an amended petition for writ of habeas corpus including the grounds he seeks to have the Court consider and copies of any state court decisions documenting the exhaustion of those grounds.

The Court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies with regard to all grounds included in the petition. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (holding that when a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's decision). The Clerk is directed to enter judgment and close this case.

SO ORDERED this 11th day of April 2017, at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge